WINNIPISEOGEE LAKE COTTON AND WOOLEN MFG. CO. v. GILFORD.

A tax-payer is liable to pay ten per cent. interest on the amount of his tax as finally determined by the court upon appeal, although the assessment made by the selectmen be reduced, and the delay of payment was caused by the pendency of the appeal.

Such liability is not avoided or changed by an agreement to pay the amount of the tax as finally fixed by the court, and a waiver of proceedings to preserve and enforce the statutory lien upon the real estate taxed.

APPEALS from the assessment of the plaintiffs' tax of 1884, 1885, and 1886. The first case is the same as that reported in 64 N. H. 337.

April 15, 1885, the parties agreed in writing that the plaintiffs would waive all notice of sale, and sale of their real estate in  .  . Gilford to secure the payment of the taxes due from the plaintiffs for the year 1884, and that the defendants should not forfeit any claims or demands against said estate by reason of their failure to advertise and sell the property for payment of taxes as aforesaid. They further agreed that they would pay the tax for 1884, "as the amount shall be determined by the supreme court in the case now pending for an abatement upon said tax." Similar agreements were made as to the taxes of 1885 and 1886. August 26, 1885, in consideration of a postponement of a hearing of the 1884 petition then set for September, the defendants agreed in writing to remit all claim of interest upon whatever amount of taxes the plaintiffs might finally be awarded to pay, from the first day of September, 1885, to the first day of January, 1886.

An order was made in each case requiring the plaintiffs to pay interest upon so much of the tax as was not abated from December 1, in the year when the tax was assessed, at the rate of ten per cent. per annum, except that as to the tax of 1884 no interest is to be paid from September 1, 1885, to January 1, 1886. The plaintiffs excepted to so much of the order as requires interest to be paid at the rate of ten per cent. instead of six.

*Daniel Barnard* and *F. E. Elder*, for the plaintiffs. An appeal from an assessment of taxes is an equitable proceeding, and such order should be made as justice requires. *Perry's Petition*, 16 N. H. 44; *Cocheco Mfg. Co.* v. *Strafford*, 51 N. H. 455; *Edes* v. *Boardman*, 58 N. H. 580; G. L., c. 57, s. 12. The requirement of interest at ten per cent. upon all taxes not paid on or before the first day of December after their assessment is a penalty imposed for " delay of payment" (Laws 1860, c. 2373, s. 1), and as such should be strictly construed. 1 Bl. Com. 88; *Woodbury* v. *Thompson*, 3 N. H. 194.

The delay occasioned by an appeal is not such delay as was contemplated by the statute. To exact the penalty in case of an appeal where a substantial part of the tax is abated is not just, and therefore is not according to the provisions of the statute, which is that "such order thereon as justice requires" shall be made in such a case. Such holding of the court, instead of giving a bounty to the appellant as suggested in *Telegraph Co.* v. *The State*, 64 N. H. 270, "as a compensation for taking the appeal," compels the appellant to pay a penalty of four per cent. per annum upon the amount of the tax assessed in order to avail himself of the only method known to the law by which an unjust tax can be abated; whereas it is a constitutional provision, that " every sub-

ject of this state is entitled to a certain remedy by having recourse to the laws for all injuries he may receive in his person, property, or character, to obtain right or justice freely without being obliged to purchase it."

If the plaintiff pay the tax in full, he can recover no interest on the amount abated. *Lowell* v. *Co. Com'rs*, 3 Allen 550; *B. C. & M. R. R.* v. *State*, 64 N. H. 490. If he tender the amount that he thinks is just, his property can be sold for taxes unless he happen to pay the full amount. Cooley Tax. 323, and cases cited. It seems to be a strange conception of justice which decides that because a person who delays payment of a just tax after the first day of December is subject to a penalty of ten per cent., therefore a person who appeals from an unjust tax should be liable to the same penalty, in order that there may be no discrimination between them. There can be no legal obligation to pay until there is a just and equal assessment; and such an assessment is the duty of the party claiming the tax, and in no way devolves upon the tax-payer. The sealed agreement of the parties took the claim of the town for taxes (if the company carried out their covenants) out of the list of taxes within the meaning of the statute, and it became merged in the covenants and agreements of the company.

*Jewell & Stone, S. C. Clark,* and *Albin & Martin,* for the defendants. In *Telegraph Co.* v. *The State*, 64 N. H. 265, it was held that the interest under the statute becomes a part of the tax to be collected, and is in no sense of the word a penalty; that inasmuch as all other tax-payers become liable to pay interest if they neglect to pay their taxes by December 1, justice requires the same rate to be paid by the appealing tax-payer; that when an appeal is taken, the statute authorizing the appeal is so broad as to give the court the most ample power to make such order, even against the state itself, " as justice may require ;" and that if the appealing tax-payer desires to protect himself against the payment of interest, he can do so " by paying enough of the amount assessed, and afterwards recovering any excess that may be abated." That the court will allow the appealing tax-payer interest upon the excess paid was settled in *Railroad* v. *State*, 63 N. H. 571.

It is plain, then, that the plaintiffs are in fault, for had they desired to save the payment of interest they could have done so by paying the tax, and they would have recovered back in the appeal any excess so paid with interest from the date of payment. Any other holding would encourage large tax-payers to neglect payment and save the use of the money by prosecuting an appeal, thereby embarrassing towns for three or four years, as in the case at bar.

The agreement of the defendants of August 26, 1885, conclusively shows that the plaintiffs expected to be held for interest. That the ingenious interpretation now claimed for the agreements

in question had not then occurred to the officers or attorneys of the company, but that it is an afterthought on their part, is apparent from the fact that when the town found it necessary to ask the referees for delay in the hearing then pending before them, the plaintiffs made it a condition of granting that delay that the town should give its agreement to remit all claim of interest upon whatever amount of taxes the plaintiffs might finally be awarded to pay from the first day of September, 1885, to the first day of January, 1886, that being the time for which the defendants asked delay. Before imposing this condition the company had given its agreement of April 15, 1885, and after imposing it gave its agreements of April 3, 1866, and April 15, 1887. If they did not understand that they were to pay interest, and such as the statute requires in the case of unpaid taxes, why did they not say so in those agreements, and why did they exact from the defendants the agreement of August 26, 1885?

ALLEN, J. In *Telegraph Co.* v. *The State*, 64 N. H. 265, it was decided that the statute providing for the collection of interest at ten per cent. upon all taxes not paid on before the first day of December after assessment, from that date, is applicable to cases like this, where an appeal for abatement is pending at the time the running of interest is made to commence. That part of the statute requiring interest at ten per cent. as plainly and forcibly applies, as the provision requiring interest to be paid at all. The agreement of the parties, that, pending the appeal, the plaintiffs would waive notice and sale of their real estate for the taxes due, and that the defendants should forfeit no claims or demands against the estate by reason of their failure to advertise and sell the property, cannot change the result. There was no agreement to waive any part of the interest on such amount as might be found to be due, except the interest from September, 1885, to January 1, 1886, and no interest for that time is claimed. Since the interest is as much a part of the defendants' claim as the tax itself, and the agreement expressly saved the defendants' right to the whole claim, the whole interest upon so much of the tax as was found due and not paid, at the statutory rate of ten per cent., may be recovered by the defendants.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.